# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KENNETH RAY GOLDSMITH**                                                            **PLAINTIFF**

v.                                                                    Case No. 1:17-cv-127-JCG

**JACQUELINE BANKS et al.**                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is a Motion for Summary Judgment (ECF No. 58), filed by Defendants Jacqueline Banks, Marshal Turner, Mark Davis, Lucy Martin, Evon Henderson, Faytonia Johnson, Jarita Bivens, and Rongelia Powe. The Motion for Summary Judgment was filed following an omnibus hearing that also operated as a *Spears* hearing.[1] Plaintiff Kenneth Ray Goldsmith, a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC) was ordered to file a response to the Motion for Summary Judgment and has done so. (ECF No. 61).

Having considered the submissions of the parties, the record, and relevant law, the Court finds that Defendants' Motion for Summary Judgment must be GRANTED because Plaintiff did not complete MDOC's two-step grievance process before filing this suit.

## BACKGROUND

Plaintiff's suit concerns events allegedly occurring at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi, where Plaintiff is

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

currently housed. Plaintiff is suing Capt. Mark Davis because Plaintiff claims that Capt. Davis planted contraband in his cell that resulted in Plaintiff receiving three rule violations. Plaintiff believes that Capt. Davis has orchestrated retaliation against him for filing this suit.

Plaintiff is suing Lt. Lucy Martin because she was the hearing officer who heard the appeals regarding the rule violations. (ECF No. 61, at 2). Plaintiff has sued Marshal Turner "because my RVRs was appeal to him in the proper matter." *Id.* Plaintiff is suing Jacqueline Banks for not following policy. *Id.* Plaintiff has sued Evon Henderson because she is related to Capt. Davis and did not place Plaintiff in protective custody. *Id.* Plaintiff has sued Capt. Johnson because she "had the power to move me out of harms [sic] way." *Id.* Plaintiff has sued Jarita Bivens because "she didn't give me a proper classification hereing [sic]." *Id.*

## DISCUSSION

A. <u>Summary Judgment Standard</u>

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

B.     The Prison Litigation Reform Act's exhaustion requirement

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), prisoners are required to exhaust available administrative remedies before filing a conditions-of-confinement lawsuit:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA's exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford*, 548 U.S. at 95.

Dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies before filing suit. *Ross v. Blake,* 136 S. Ct. 1850, 1856 (2016); *see Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). A court may not

excuse a prisoner's failure to exhaust, even to take special circumstances into account. *Ross,* 136 S.Ct. at 1856-57.

Failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock,* 549 U.S. 199, 216 (2007). At the summary judgment stage, this means Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon,* 596 F.3d at 266. "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* at 272.

C.   MDOC's Administrative Remedy Program

Correctional facilities under the authority of MDOC have adopted an administrative review procedure (ARP) as allowed by Miss. Code Ann. § 47-5-801. *See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program.[2] The ARP is a "formal two-step process for handling inmate grievances." *Yankton v. Epps,* 652 F. App'x 242, 245 (5th Cir. 2016) (citing Miss. Code § 47-5-801, *et seq.*; *Wilson v. Epps,* 776 F.3d 296, 300 n.2 (5th Cir. 2015)).

> "[T]o ensure their right to use the formal [ARP]," inmates "must make their request to the Adjudicator in writing within a 30 day period after an incident has occurred." [Inmate Handbook, MDOC, ch. VIII, sec. IV.] They are, however, discouraged from making repetitive requests and "are encouraged to continue to seek solutions to their concerns through informal means." [*See id.*]
>
> Prior to the "first step" of this procedure, the Adjudicator screens the request to determine whether it meets specified criteria. [*See id.* at ch. VIII, sec. V.] If a request fails to meet that criteria, the Adjudicator will reject it and notify the

---

[2] http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf

4

> inmate via Form ARP-1. [*See id.* at ch. VIII, sec. VI.] If the request meets the criteria, however, the Adjudicator will accept it into the ARP, and the request will then proceed to the first step. At the first step, the appropriate MDOC official receives the request via Form ARP-1 and provides a "first-step response" to the request via Form ARP-2. If the inmate is satisfied with this first-step response, he does not need to do anything further. If unsatisfied, however, the inmate may then proceed to the "second step" by indicating as much on the same Form ARP-2. At the second step, another appropriate MDOC official, such as a warden, provides the "second-step response" via Form ARP-3. If unsatisfied with the second-step response, the inmate may then bring a claim in court. [*See* Inmate Handbook, ch. VIII, sec. IV.]

D. <u>Analysis</u>

Even taking Plaintiff's version of events as true, Plaintiff's suit must be dismissed because Plaintiff did not complete MDOC's two-step ARP grievance process before filing suit. Plaintiff was asked at the omnibus hearing whether he filed an ARP grievance against Jacqueline Banks. Plaintiff responded no, explaining that his understanding was that once he appealed a rule violation, he was not required to proceed through the ARP grievance process. Plaintiff testified that he did not file an ARP grievance against Marshal Turner. Plaintiff believed he did not need to file a grievance against Turner because "it was all dealing with an appeal" of rule violations.

Plaintiff testified that he did not file an ARP grievances against Capt. Davis, Lt. Martin, Lt. Henderson, Faytonia Johnson, Jarita Bivens, or Rongelia Powe. Plaintiff averred that he was not told that he had to file an ARP grievance "due to the fact that I was filing my appeal process."

MDOC's Inmate Handbook contains a chapter on rule violations. *See* MDOC Inmate Handbook, Ch. XI, Rule Violations.[3] The Handbook provides that an inmate who receives a rule violation, "who considers his punishment unjust or inappropriate to the offense may appeal by using the Administrative Remedy Program within 15 days of receiving the Disciplinary Hearing Officer's decision." Plaintiff did not follow these procedures. Defendants were not provided with fair notice or time and an opportunity to address Plaintiff's claims internally before Plaintiff filed this suit. This suit must be dismissed, as required under 42 U.S.C. § 1997e(a).

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 58) is **GRANTED**. Plaintiff's claims are dismissed without prejudice under 42 U.S.C. § 1997e(a) due to Plaintiff's failure to exhaust administrative remedies.

**SO ORDERED**, this 26th day of September, 2018.

*s/* *John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE

---

[3] http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_XI.pdf